No. 03-6556

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MITCHELL D. OSBORNE,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

ORDER

FILED

SEP 13 2004

LEONARD GREEN, Clerk

    Mitchell D. Osborne moves for pauper status on appeal from a district court judgment that denied his motion to vacate sentence filed under 28 U.S.C. § 2255. The district court denied Osborne a certificate of appealability, and the receipt of the notice of appeal has been construed as an application for a certificate of appealability pursuant to Fed. R. App. P. 22(b). In addition, Osborne has submitted a motion to amend or supplement his pleading and a reference to the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

    Following a jury trial in the district court in 2000, Osborne was convicted of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). The jury acquitted Osborne of conspiracy to distribute crack cocaine. The district court sentenced Osborne to 240 months of imprisonment, to be followed by three years of supervised release. This court affirmed Osborne's conviction and sentence on direct appeal. *United States v. Thomas*, Nos. 00-5426/5831, 2002 WL 89670 (6th Cir. Jan. 22, 2002).

Thereafter, Osborne filed his § 2255 motion in the district court, alleging as grounds for relief that he received ineffective assistance of counsel at sentencing and on appeal. The government responded in opposition to Osborne's motion, and Osborne filed a response and motions for leave to amend his motion and to supplement the record. The district court denied Osborne's motions for leave to amend and to supplement the record, denied Osborne's § 2255 motion as meritless, and denied Osborne a certificate of appealability. *United States v. Osborne*, 286 F. Supp. 2d 891 (E.D. Tenn. 2003). This timely appeal followed.

Upon consideration, this court will deny Osborne a certificate of appealability because reasonable jurists could not conclude that his claims warrant encouragement to proceed further for the reasons stated by the district court. *See Banks v. Dretke*, 124 S. Ct. 1256, 1280 (2004); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To show constitutionally ineffective counsel, Osborne must show that: (1) counsel's performance undermined the proper functioning of the adversarial process; and (2) but for counsel's errors the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Here, the district court correctly concluded that Osborne's claims that his attorney was ineffective in failing to assert a claim based upon the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) lack merit because no *Apprendi* violation occurred in this case. In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. However, the *Apprendi* rule is not triggered where, as here, defendant is sentenced at or below the prescribed statutory maximum. *Harris v. United States*, 536 U.S. 545, 567-69 (2002). Further, this court has held that the Supreme Court's *Blakely* decision does not invalidate an otherwise valid sentence under the federal Sentencing Guidelines. *United States v. Koch*, No. 02-6278 (6th Cir. Aug. 13, 2004) (en banc) (unpublished - formal opinion to follow). Osborne's contention that counsel improperly waived his right to a full transcript of his trial also lacks merit. Osborne asserts that the lack of a transcript denied him an opportunity to argue that *Apprendi* requires that a defendant be specifically indicted as an aider and abettor before a trial court can instruct a jury that it may convict defendant either as

a principal or as an aider and abettor. However, the underlying contention that *Apprendi* requires that a defendant be specifically indicted as an aider and abettor lacks merit. *See United States v. Taniguchi*, Nos. 00-4495/4496, 2002 WL 31371978, at *13 (6th Cir. Oct. 11, 2002) (citing *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir. 2002)). Under these circumstances, the district court correctly concluded that Osborne's claims lack merit.

For the foregoing reasons, the application for a certificate of appealability is denied, and the motion for pauper status is denied as moot.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk